IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY BROWN, | : | |
|     Petitioner, | : | 1:18-cv-1138 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN BALTAZAR, | : | |
|     Respondent. | : | |

## MEMORANDUM

### September 25, 2018

Petitioner Larry Brown ("Brown" or "Petitioner"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary at Canaan ("USP-Canaan"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 4, 2018, seeking a "nunc pro tunc designation under 18 U.S.C. 3621." (Doc. 1). The petition is ripe for disposition. For the reasons set forth below, the petition will be dismissed for failure to exhaust administrative remedies.

## I.    BACKGROUND

Brown seeks credit for time he served in the Essex County Jail, in New Jersey from December 26, 2012, to May 3, 2018. (Doc. 1, p. 12). He indicates that during this time he was in the primary custody of the State of New Jersey for Carjacking charges. (*Id.* at 12). He states that "[o]n February 26, 2015, he were

[sic] sentenced by The District of New Jersey case # 2:14-CR-00604-001 to 37 months by the Honorable Judge Martini and sentenced to 84 months for violation 18 U.S.C. [§] 924(c)(1(A)(II)." (*Id.*) Thereafter, on April 17, 2015, he was sentenced to six years on the carjacking charges, which sentence was to run concurrent to the federal charges. (*Id.*) He contends that, according to his sentencing monitoring sheet, he only received credit for five days. (*Id.*) "Applying a Nunc Pro Tunc Designation under 18 USC 3621(b) would start his credit from 12/26/2012 to May 3, 2018. On May 3, 2018 he entered the BOP USP Canaan. This is a total sentence credit in the amount of 5 years 4 months and 8 days owed Nunc Pro Tunc to Petitioner Larry Brown." (*Id.* at 13).

## II. <u>DISCUSSION</u>

Respondent argues that the petition should be dismissed based on Brown's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 9, p. 1). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise

facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 9-1, Declaration of Michael Figgsganter ("Figgsganter Decl."), ¶ 4, citing, 28 C.F.R. §542.10 *et seq*.). An inmate must initially attempt to informally resolve the issue with institutional staff. (*Id.* citing 28 C.F.R. § 542.13(a)). If informal resolution fails an inmate may

3

submit a request to the Warden within 20 days of the date on which the basis for the request occurred. (*Id.*, citing 28 C.F.R. § 542.14). An inmate who is dissatisfied with the Warden's response may submit an appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. (*Id.* citing 28 C.F.R. § 542.15). The Regional Director has 30 calendar days to respond to the appeal. (*Id.*) If the Regional Director denies the appeal, the inmate may then appeal to the BOP's General Counsel (Central Office) within 30 days of the denial. (*Id.*) The General Counsel has forty days to respond. (*Id.*)

Review of the BOP's SENTRY system records reveals that Brown failed to file any administrative appeals concerning the improper calculation of his sentence. (Doc. 9-1, Figgsganter Decl, ¶ 5). Brown's claim is therefore unexhausted. Brown failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). Because he fails to allege facts that would permit the court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Brown to invoke the judicial process despite failing to complete administrative review.

## III. CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241will be denied.

An appropriate order will issue.